UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON and
SHARON WILSON,

    Plaintiffs,  Civil Action No. 18-CV-11777

vs.  HON. BERNARD A. FRIEDMAN

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is presently before the Court on defendant's motion to dismiss [docket entry 7]. Plaintiffs have not responded to this motion and the time for them to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

The pro se complaint in this matter, while largely unintelligible, appears to assert a claim for wrongful foreclosure regarding real property in Farmington, Michigan. Plaintiffs allege that defendant has obtained title using documents "made to appear as genuine, which was false, but to appear valid." Compl. ¶ 17. Defendant allegedly violated the Real Estate Settlement Procedures Act "due to their poor Bookkeeping of accounts." *Id.* ¶ 28. The counts of the complaint are entitled "breach of ownership," "violation of validation," "violation of the servicer performance agreement," "violation under the Uniform Commercial Code," and unjust enrichment. For relief, plaintiffs seek a determination that they hold fee simple title to the property and that defendant's interest is invalid and extinguished, along with damages in the amount of $2.1 million.

Defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. To avoid dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). In deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Further, documents attached to or reference in the complaint are deemed to be a part thereof. *See* Fed. R. Civ. P. 10(c).

Documents attached to defendant's motion show that in 2008 plaintiffs gave Draper and Kramer Mortgage Corporation a mortgage in real property commonly known as 29645 Highmeadow Road to secure repayment of a $246,137 loan. Def.'s Exs. A and B. In 2009, the mortgage was assigned to BAC Home Loans Servicing, L.P. Def.'s Ex. C. In September 2017, defendant, successor by merger to BAC Home Loans Servicing, L.P., obtained a sheriff's deed following a foreclosure sale that day. Def.'s Ex. D. This deed noted that the statutory redemption period would expire in six months, i.e., on March 5, 2018. Defendant indicates that plaintiffs did not redeem the property, a fact plaintiffs appear to concede by

2

requesting that the Court issue an order "Return[ing] the property to its rightful owner." Compl. at 11.

While defendant suggests several reasons why the complaint should be dismissed, its first argument is dispositive: Plaintiffs lack standing to sue because they lost any and all interest in the property once the redemption period expired. As this Court noted recently in a similar case,

> [a]t the moment the redemption period expired, all of plaintiff's rights in the property were extinguished and he lost standing to assert any claims with respect to the property. *See Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 185 (1942). *Accord Steinberg v. Fed. Home Loan Mortgage Corp.*, 2012 WL 4498297, at *2 (E.D. Mich. Sept. 28, 2012) ("With the expiration of the redemption period, a former owner can no longer assert a claim with respect to the property"); *Dixon v. Wells Fargo Bank*, 2012 WL 4450502, at *4 (E.D. Mich. Sept. 25, 2012) ("Michigan courts have long held that a plaintiff is barred from challenging a foreclosure sale after the right to redemption has passed"); *Paige v. EverHome Mortgage Co.*, 2012 WL 3640304, at *2 (Mich. App. Aug. 23, 2012) ("when the redemption period ended, [plaintiff] lost all interest in the property"); *Elhady v. Citimortgage, Inc.*, 2012 WL 2947900, at * *1-2 (Mich. App. July 19, 2012) ("Unless the premises are redeemed within the time allowed, ... the mortgagor's rights in and to the property are extinguished"); *Awad v. Gen. Motors Acceptance Corp.*, 2012 WL 1415166, at *4 (Mich. App. Apr. 24, 2012) ("Although she filed suit before expiration of the redemption period, Awad made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Upon the expiration of the redemption period, all of Awad's rights in and title to the property were extinguished"). . . . Because plaintiff no longer has any interest in the property at issue, the complaint must be dismissed for lack of standing.
>
> Plaintiff's claims also fail because plaintiff has forfeited any right he may have had to challenge the sheriff's sale by failing to act "promptly and without delay." *Day Living Trust v. Kelley*, 2013 WL 2459874, at *9 (Mich. App. June 6, 2013). Plaintiff did not file the instant action until the redemption period had nearly expired. This hardly qualifies as "prompt" action. Nor has plaintiff

> made a "clear showing of fraud or irregularity" by the defendant as regards the foreclosure process, as he must in order to successfully challenge the foreclosure post sheriff's sale. *El-Seblani v. IndyMac Mortgage Servs.*, 510 Fed.Appx. 425, 428 (6th Cir. 2013).

*Flowers v. CitiMortgage, Inc*., No. 15-CV-10546, 2015 WL 13049852, at *1–2 (E.D. Mich. May 4, 2015).

In the present case, the Court's assessment of plaintiffs' complaint is the same as in *Flowers*. Plaintiffs do not show that they have redeemed the property (or that they ever attempted to do so, to say nothing of "promptly"), and they make no allegation of fraud or irregularity in the foreclosure process. Plaintiffs therefore lack standing to sue, and the complaint must be dismissed. Plaintiffs' allegation that the mortgage assignment was somehow irregular is irrelevant to the propriety of the foreclosure, as plaintiffs also lack standing to challenge the assignment. *See, e.g., Yuille v. Am. Home Mortg. Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012). Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.

Dated: July 17, 2018　　　　　　　　　　s/Bernard A. Friedman
Detroit, Michigan　　　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2018.

　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　Case Manager