UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON and
SHARON WILSON,

    Plaintiffs,                                       Civil Action No. 18-CV-11777

vs.                                                  HON. BERNARD A. FRIEDMAN

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs have filed a motion in this matter [docket entry 13] for reconsideration of the Court's July 25, 2018, order denying their motion to set aside the Court's July 17, 2018, order of dismissal. The motion for reconsideration is denied because plaintiffs have failed to show "a palpable defect by which the Court . . . [has] been misled [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

The Court dismissed the complaint because plaintiffs did not respond to defendant's motion to dismiss, which demonstrated that plaintiffs had lost their property in foreclosure and failed to redeem it.[1] The Court denied plaintiffs' motion to set aside the dismissal, which was based on allegedly newly discovered evidence, because the evidence (a

---

[1] The sheriff's sale took place on September 5, 2017, and the six-month redemption period expired on March 5, 2018. Plaintiffs commenced this action on May 2, 2018, but, so far as the Court is aware, did nothing to prosecute it. Defendant filed a motion to dismiss on June 21. This motion bears a proof of service stating that a copy was mailed that day to plaintiffs at the address they listed for themselves on the summons and complaint. Plaintiffs neither responded to defendant's motion nor sought additional time to do so. The Court granted the motion on July 17, five days after expiration of the 21-day response period. Counsel for plaintiffs first appeared in this matter on July 24.

"forensic audit report" dated June 11, 2018) was neither new nor evidence nor diligently presented.

In their motion for reconsideration, plaintiffs argue that Court erred in its "surprisingly harsh and perfunctory determination of lack of diligence," and state that they suffer from severe health problems; that the "Forensic Report bore a mid-June, 2018 date, but its delivery to Plaintiffs was delayed from the date shown, so it was not available to them either 'before' Motion to Dismiss or even during most of response period"; that they did not receive defendant's motion to dismiss "until late in the second week of July, 2018" from their "aide - a Mr. Johnson"; and that they experienced "massive disruption" due to "[i]mpending eviction occurring late June and early July, 2018." Further, plaintiffs' counsel claims that "late in second week of July, 2018" plaintiffs "engage[d] [him] for a Response to the newly-received Motion to Dismiss." Mot. for Recon. ¶ 5(e). He "immediately contacted opposing Counsel" in an effort to obtain an extension of time to respond, but when the Court "issued its whirlwind Dismissal" opposing counsel declined to concur in an extension. *Id.* Plaintiffs' counsel does not explain why, when he was retained, he immediately contacted defense counsel but neglected to immediately contact the Court, despite the fact that the July 12 response deadline was fast approaching, or had already elapsed, by "late in second week of July." Nor do plaintiffs explain why they were able to file a lengthy pro se complaint in May 2018 but were unable between June 21 and July 12 to file a response to defendant's motion to dismiss or to request additional time to do so.

While the Court certainly sympathizes with plaintiffs' health problems and the turmoil the eviction has caused them, the simple fact remains that they lost standing to contest

the foreclosure once the redemption period expired. Under Michigan law, plaintiffs were required to challenge the sheriff's sale "promptly and without delay." *Day Living Trust v. Kelley*, 2013 WL 2459874, at *9 (Mich. App. June 6, 2013). Plaintiffs did not do so. They did not redeem the property, they did not challenge the sheriff's sale (by commencing the instant action) until two months after the redemption period expired, and they did not respond to defendant's motion to dismiss. Under those circumstances, dismissal of the complaint was entirely proper.

Once the Court entered judgment for defendant, and plaintiffs sought relief under Fed. R. Civ. P. 60(b)(2), they were required to make a clear and convincing showing that they were diligent in obtaining new evidence and that the new evidence "is material and controlling and clearly would have produced a different result if presented before the original judgment." *Strong v. United States*, 192 F.R.D. 566, 567 (E.D. Mich. 2000) (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)). Plaintiffs' lack of diligence ends the inquiry. But even if plaintiffs' lack of diligence is ignored, the larger problem is that the "new evidence" is neither new nor evidence. The "forensic audit report," as the Court noted previously, is based on documents that have been in existence for months and, in the case of the mortgage and note, for years. The audit report is not new evidence, but a new interpretation of old evidence.

Finally, plaintiffs have not shown – either in their Rule 60(b)(2) motion or in the instant motion for reconsideration – that the audit report would have defeated defendant's motion to dismiss if it had been timely submitted. To challenge a foreclosure by advertisement, plaintiffs must show "(1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged

3

prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity." *Diem v. Sallie Mae Home Loans, Inc.*, 307 Mich. App. 204, 211 (2014) (citing *Kim v. JPMorgan Chase Bank, NA*, 493 Mich. 98,115-16 (2012)). The audit report does not speak to any of these requirements, but focuses on defendant's alleged violations of certain HUD and FHA regulations. The audit report, at p. 9, does allege that defendant "lacked the legal standing to proceed with the foreclosure," but this is a legal argument that should have been raised in response to defendant's motion to dismiss; it is not "newly discovered evidence" that would warrant setting aside the Court's judgment, as the audit report is argument, not evidence. Further, defendant clearly did not lack standing to proceed with the foreclosure, as it was the mortgagee by assignment and the assignment is a matter of record. *See* Def.'s Mot. to Dismiss, Ex. C. Accordingly,

IT IS ORDERED that plaintiffs' motion for reconsideration is denied.

Dated: July 30, 2018  s/Bernard A. Friedman
Detroit, Michigan  BERNARD A. FRIEDMAN
  SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2018.

  s/Johnetta M. Curry-Williams
  Case Manager